### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID STEPHENSON, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 06-0310-KD-C |
| STEPHEN ARCHER, | : | |
| Respondent. | : | |

### REPORT AND RECOMMENDATION

Petitioner, an inmate at the Baldwin County Corrections Center (hereinafter "jail") proceeding *pro se*, filed a handwritten habeas petition (Docs. 1 & 2) without paying the filing fee or filing a motion to proceed without prepayment of fees.  This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1), and is now before the Court for petitioner's failure to prosecute.

The Court entered an order on May 24, 2006, requiring petitioner either to pay the filing fee or to file a motion to proceed without prepayment of fees as well as to file his petition on the Court's petition form.  (Doc. 3)  The Court's order was sent to petitioner at the jail's address  and was returned to the Court with the notation "not at this address."  Petitioner has not advised the Court of another address, and there is not another address for petitioner in the Court's file.  Therefore, the Court contacted the jail to verify that petitioner was, in fact, not in its custody, and was told that he was not there.  Furthermore,

he is not in the Alabama Department of Corrections' custody.

The documents filed by petitioner indicate the he is a state inmate from New York who is being held at the jail pursuant to a plea agreement for the purpose of testifying before the grand jury as part of a federal investigation. (Doc. 2) Petitioner advises that he had not been sentenced and that he will not provide false testimony even though they are trying to wear him down. (Doc. 2) Petitioner complains that the two-month time frame for the cooperation part of his plea agreement has expired and he seeks to be released from his illegal detention. (Doc. 1)

When petitioner filed his petition, he did not pay the $5.00 filing fee, nor did he file a motion to proceed without prepayment of fees. When a habeas petition is received by the Court, a $5.00 filing fee is required to be paid by 28 U.S.C. § 1914(a) in order to properly file the petition. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, . . . , to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."). However, in lieu of paying a filing fee, an action may be commenced by a person submitting with his petition a motion to proceed without prepayment of fees, 28 U.S.C. § 1915(a)(1). Notwithstanding the foregoing, Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." Therefore, when a complaint or petition is received by the Court without a filing fee or a motion to proceed without prepayment of fees, it is constructively filed. *McDowell v. Delaware State Police,* 88 F.3d 188, 191 (3d Cir. 1996). Upon receipt of either a fee or a motion, filing is then

formalized.  *Id.*  Here, neither the fee has been paid, nor has a motion to proceed without prepayment of fees been received by the Court.  Therefore, the petition has not been formally filed.

In light of petitioner's failure to advise the Court of a change in his address, and his failure to take the necessary steps to formalize the filing of his petition, the Court concludes that he has abandoned the prosecution of his action.  Upon consideration of the alternatives available to the Court when a petitioner no longer maintains contact with the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).  *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

However, if petitioner had paid the filing fee or filed a motion to proceed without prepayment of fees, or if he does so belatedly, the undersigned notes that there are also jurisdictional problems with the petition. Petitioner has not identified the specific habeas section under which he seeks habeas relief. Thus, if the petition arises under 28 U.S.C. § 2254, jurisdiction is only based on petitioner's presence in this district because his state conviction appears to have occurred in New York. 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 497-501, 93 S.Ct. 1123, 1131-32, 35 L.Ed.2d 443 (1973). This Court would then transfer this action to New York where his conviction occurred and where the forum is more convenient. *Id.* at 493-494, 93 S.Ct. at 1129. However, if it is determined that petitioner is a state inmate in pretrial detention who may proceed directly under 28 U.S.C. § 2241, jurisdiction exists only in the district where petitioner is located. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985); *see generally Medberry v. Crosby,* 351 F.3d 1049, 1060 (11th Cir.) (finding that a state inmate in pretrial detention is allowed to proceed under § 2241 as an exception to the requirement that state inmates must proceed under § 2254), *cert. denied,* 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004). Thus, this Court would no longer would have jurisdiction over the petition under § 2241 because petitioner does not appear to be in this district and the petition would be dismissed. Therefore, if this action would be deemed to be formally filed, based on the information the Court presently possesses, the Court would either dismiss or transfer this action.

In addition, petitioner requested release from his confinement at the jail. It appears that his release has occurred. Therefore, his petition appears to be moot at this time because he is no longer held in the custody about which he complained and, therefore, cannot be released from it. *Spencer v. Kemna,* 523 U.S. 1, 8, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998) (holding that the Court could not rule on a habeas petition challenging a parole revocation once the inmate was released as "mootness, however it may have come about, simply deprives us of the power to act; there is nothing for us to remedy, even if we were disposed to do so"). Thus, this action would be due to be dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because there is no relief to which petitioner is entitled.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 13th day of June, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE